United States District Court
Southern District of Texas
ENTERED
July 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MUHAMMAD AYAZ,**<br>Petitioner,<br><br>v.<br><br>**TODD BLANCHE,**[1] in his official capacity, Acting U.S. Attorney General, *et al.*,<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **1:26-cv-528** |

**MAGISTRATE JUDGE'S**
**AMENDED REPORT AND RECOMMENDATION**[2]

Before the Court are Petitioner Muhammad Ayaz's: (1) "Petition for Writ of Habeas Corpus" ("§ 2241 Petition") [Dkt. No. 1]; (2) "Motion for Temporary Restating Order" ("Motion for Temporary Restraining Order") [Dkt. No. 2 (errors in original)]; (3) second "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Supplement")[3] [Dkt. No. 14]; (4) "request a lawyer" ("Motion for Appointment of Counsel") [Dkt. No. 15 (errors in original)]; and (5) "Request for Reconsideration or Appeal" ("Objection")[4] [Dkt. No. 17].

---

[1] In his § 2241 Petition, Ayaz names "Lyon Blanche" as the United States Attorney General. Dkt. No. 1 at 1. The Court takes notice that the Acting United States Attorney General is Todd Blanche.
[2] Although the Court's disposition regarding the outcome of the above-captioned matter has not changed, it issues this Amended Report and Recommendation to more precisely address Ayaz's claims for relief.
[3] The Court liberally construes Ayaz's second Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 as a supplement to his § 2241 Petition.
[4] The Court liberally construes his Request for Reconsideration or Appeal as an objection to the Court's Report and Recommendation.

For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Ayaz's § 2241 Petition; (2) **DENY AS MOOT** Ayaz's Motion for Temporary Restraining Order; (3) **DENY AS MOOT** Ayaz's Motion for Appointment of Counsel; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[5]

On August 13, 2025, an immigration judge ordered Ayaz removed. Dkt. No. 1 at 5. On September 2, 2025, Ayaz appealed the order of removal to the Board of Immigration Appeals ("BIA"). *Id.* at 5–6. On February 12, 2026, the BIA dismissed Ayaz's appeal. *Id.* at 6. On March 2, 2026, Ayaz appealed the BIA's decision to the Ninth Circuit Court of Appeals. *Id.* On April 29, 2026, the Ninth Circuit transferred Ayaz's case to the Fifth Circuit Court of Appeals, where the outcome of his case remains pending. *Ayaz v. Blanche*, 26-1446, Dkt. Nos. 21, 22 (9th Cir. 2026); *see generally Ayaz v. Blanche*, 26-60318 (5th Cir. 2026).

On May 12, 2026, Ayaz, proceeding pro se, filed his § 2241 Petition. Dkt. No. 1. On the same day, Ayaz filed his Motion for Temporary Restraining Order. Dkt. No. 2. Ayaz, a citizen of Pakistan, is detained at Port Isabel Detention Center, located in Los Fresnos, Texas. Dkt. No. 1-1 at 2. Ayaz alleges that he is entitled to relief because he has been detained for more than six months and that his removal is not in the reasonably foreseeable future. *Id.*

On June 5, 2026, the Court issued its Report and Recommendation regarding Ayaz's § 2241 Petition. Dkt. No. 12. On June 8, 2026, Ayaz filed a Supplement and a

---

[5] Information obtained from Ayaz's § 2241 Petition. *See* Dkt. No. 1.

Motion for Appointment of Counsel. Dkt. Nos. 14, 15. On June 17, 2026, Ayaz filed an Objection to the Court's Report and Recommendation. Dkt. No. 17.

## II. LEGAL STANDARDS

### A. Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559. Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002). For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted). A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289

F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

### B. *Zadvydas v. Davis*

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). Generally, the Government has 90 days to execute a final removal order and remove the unauthorized immigrant from the United States. 8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the detainee's ability to seek habeas relief is subject to certain time constraints. *Zadvydas*, 533 U.S. at 688. When the Government fails to execute a removal order within the 90-day period, post-removal detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is impermissible. *Id.* at 689.

This does not mean that any amount of post-removal-period of confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months, and only after the immigrant detainee first makes a showing that "there is no significant

likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Up to six months of immigration detention after entry of a final removal order is, therefore, "presumptively reasonable." *Id.*; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam).

In arriving at the six-month presumption, the United States Supreme Court acknowledged the sensitive interplay of separation of powers concerns and national interests in the immigration context. *See Zadvydas*, 533 U.S. at 700. The six-month presumption, then, reflected a reasoned judgment that earlier review of post-removal-period detention posed too great a risk to institutional interests to properly warrant judicial scrutiny.

A pleading by a pro se litigant is liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se filing must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)). The Court need not develop the plaintiff's argument on his behalf. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

## III. DISCUSSION

### A. Ayaz's § 2241 Petition

Construed liberally, Ayaz's § 2241 Petition challenges his detention under *Zadvydas*, claiming that he has been improperly detained for more than six months. *See* Dkt. No. 1 at 7–8; *see also* Dkt. No. 14 at 5; Dkt. No. 17 at 1. However, as discussed above, the BIA dismissed Ayaz's appeal on February 12, 2026. *Id.* at 6. Accordingly, Ayaz has

been detained under a final order of removal for approximately five months; his § 2241 Petition is unripe. 8 U.S.C. § 1231(a)(i)(B)(i) ("The removal period begins … [t]he date the order of removal becomes administratively final."); *Zadvydas*, 533 U.S. at 688 (stating that the post-removal-period detention statute applies only after a noncitizen has been ordered removed).

As a result, judicial intervention at this stage is premature and, for the reasons explained in *Zadvydas*, would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See Zadvydas*, 533 U.S. at 700. The Court interprets Ayaz's remaining arguments to be derivative of his claim that his detention is unreasonably prolonged and there is no significant likelihood of removal. Dkt. No. 1 at 7–8. Accordingly, Ayaz's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

**B. Ayaz's Motion for Temporary Restraining Order and Motion for Appointment of Counsel**

As stated above, it is recommended that the Court dismiss Ayaz's § 2241 Petition [Dkt. No. 1]. Therefore, Ayaz's Motion for Temporary Restraining Order [Dkt. No. 2] and Motion for Appointment of Counsel [Dkt. No. 15] should be denied as moot.

**C. Ayaz's Objection**

Ayaz does not appear to object to the Court's Report and Recommendation [Dkt. No. 12], nor does he appear to proceed with a new claim for relief or argument. *Compare* Dkt. No. 17, *with* Dkt. No. 1 at 7–8, *and* Dkt. No. 14 at 4–5. Instead, he reiterates that his "continued detention for 18 months violates the [D]ue [P]rocess [C]lause of the Fifth Amendment[.]" Dkt. No. 17 at 1–2. Accordingly, for the reasons discussed above, it is recommended that the Court overrule Ayaz's Objection [Dkt. No. 17].

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Ayaz's § 2241 Petition; (2) **DENY AS MOOT** Ayaz's Motion for Temporary Restraining Order; (3) **DENY AS MOOT** Ayaz's Motion for Appointment of Counsel; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **10th** day of **July, 2026** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**